**UNITED STATES of America,**
**Appellee,**

v.

**Albert Lee WILLIAMS, also known**
**as Tony Williams, Appellant.**

**No. 02–2982.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 11, 2003.

Decided Feb. 18, 2003.

Before BOWMAN, FAGG, and
MORRIS SHEPPARD ARNOLD, Circuit
Judges.

PER CURIAM.

Albert Lee Williams was charged with
bank fraud in violation of 18 U.S.C. § 1344
(2000) for fraudulently using one credit
account to pay other credit debts and to
purchase goods and services. During the
investigation, an FBI agent presented an
array of photographs for identification to
employees from a business defrauded by
Williams. The agent briefly described the
purpose of the investigation, but neither
asked foundational or follow-up questions
nor offered any comments during the iden-
tification process. Two witnesses identi-
fied Williams. Williams moved to sup-
press the identification before trial, but the
motion was denied. At trial, Williams's
counsel cross-examined each witness about
the identification procedure, bringing to
light facts showing each witness had been
unsure about the identification at some
point in time. Witnesses at trial also testi-
fied about the amount of the loss, totaling
$61,000. The jury found Williams guilty.

The presentence investigation report in-
dicated the total loss attributable to
Williams's fraud was $63,335.29. Williams
objected, stating the loss proved at trial
was $61,000. At the sentencing hearing,
the Government introduced faxed letters
from various businesses stating the
amount of the loss to each business. Di-
rect Merchants offered no documentation
at sentencing but representatives did esti-
mate the loss during trial testimony.
Williams objected at the hearing, arguing
the exhibits lacked sufficient detail. The
district court * calculated the total loss and

---

* The Honorable Richard H. Battey, United
States District Judge for the District of South
Dakota.

ordered restitution in the amount of $94,006.23, the sum of the amounts presented by the Government. Williams appeals.

First, Williams contests the validity of the photo array identifications. When challenging a photo array identification, defendants must show the identification procedure was impermissibly suggestive, then must show under the totality of the circumstances that the confrontation created a substantial likelihood of irreparable misidentification. *Robinson v. Clarke,* 939 F.2d 573, 575 (8th Cir.1991). Because Williams has not shown, or even argued, that the identification procedure was impermissibly suggestive, we need not consider Williams's contentions about the factors in the second prong of the analysis. There is no indication that the procedure was suggestive. Further, any problems with the identifications were drawn out in cross-examination, giving the jury information with which to determine what weight to give to the challenged identifications.

Next, Williams contends the amount of restitution was unsupported by the record. We disagree. *United States v. Young,* 272 F.3d 1052, 1056 (8th Cir.2001) (reviewing restitution orders for clear error). The Government bears the burden of demonstrating the amount of loss, which must be determined by a preponderance of the evidence. *Id.* Sworn testimony at trial to supports $61,000 of the loss. *United States v. Baker,* 200 F.3d 558, 563 (8th Cir.2000). Restitution is not limited to losses proved to a jury. *United States v. Ross,* 279 F.3d 600, 610 (8th Cir.2002). The district court may accept responsible, unsworn information, *see United States v. Wise,* 976 F.2d 393, 398 (8th Cir.1992), and may adopt a reasonable estimate rather than determine a precise loss calculation, *see United States v. Holliman,* 291 F.3d 498, 502 (8th Cir. 2002), *pet. for cert. filed,* Sept. 27, 2002.

The exhibits introduced at sentencing are troubling in their lack of detail, however, we cannot say the district court's restitution order is clearly mistaken.

Williams also submitted a pro se brief, arguing two issues. Williams contests the amount of restitution, an issue which was raised by counsel's brief and has already been discussed. Williams also contests the finding of an aggravating circumstance requiring more than minimal planning. After fully considering this contention, we reject it.

We affirm the district court's denial of the motion to suppress the photo array identification, Williams's conviction, and sentence.